566 May 14, 2025 No. 439

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. Z., aka M. R. Z.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

M. Z.,
aka M. R. Z.,
*Appellant*.

Marion County Circuit Court
24CC05710; A185632

Drew P. Taylor, Judge pro tempore.

Argued and submitted April 15, 2025.

Liza Langford argued the cause and filed the brief for appellant.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant appeals a judgment involuntarily committing her to the custody of the Oregon Health Authority for up to 180 days on the ground that she has a mental disorder that makes her a danger to others. *See* ORS 426.130(1)(a)(C); ORS 426.005(1)(f)(A). She argues that the evidence is insufficient to demonstrate that, because of her mental disorder, she presents the sort of danger to others that permits commitment under ORS 426.130(1)(a)(C). We affirm.

Absent *de novo* review (which neither party requests), "when reviewing a civil commitment determination, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. J. K.*, 337 Or App 629, 630, 564 P3d 940 (2025) (internal quotation marks omitted). "A person can be committed on 'danger to others' grounds only if the evidence permits a rational finder of fact to conclude that a mental disorder makes the person highly likely to engage in future violence toward others, absent commitment." *Id.* at 633 (internal quotation marks omitted).

The trial court concluded that if appellant were released, actual violent behavior toward others would be highly likely. That conclusion was supported by the evidentiary record. The evidence included testimony that appellant was experiencing symptoms of mania and psychosis at the time of the hearing and had a history of violent behavior attributable to her mental disorder. There was also testimony that in the two weeks prior to the hearing, appellant had threatened to get a gun and kill herself and her daughters and had taken active steps to procure a firearm. *Cf. State v. L. R.*, 283 Or App 618, 625, 391 P3d 880 (2017) (concluding that actual harm to others is not highly likely unless threats of future violence are accompanied by an overt act demonstrating an intention and ability to carry out the threats). Appellant's daughter (who was appellant's main caregiver) testified that appellant had become increasingly physically aggressive toward her, threatening violence toward her every day over the past two weeks. *See J. K.*, 337

Or at 630 (concluding that appellant's threats to kill several specific people, alongside an escalating pattern of physical aggression and an incident of choking, established a sufficient foundation for predicting future violent behavior). That evidence was sufficient to allow a rational finder of fact to conclude that actual future violence to others was highly likely. *See State v. C. L.*, 313 Or App 539, 542, 495 P3d 748 (2021) (summarizing case law and concluding that "when a person with a mental disorder has threatened others and has also carried out an overt violent act in the past against another person, those facts generally constitute clear and convincing evidence that the person is a danger to others for purposes of ORS 426.130(1)(a)(C)" (internal quotation marks omitted)); *State v. K. S.*, 223 Or App 476, 486, 196 P3d 30 (2008) (concluding that "[t]he trial court was not required to wait until [the] appellant actually harmed someone before finding him to be a danger to others").

Affirmed.